**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IVELINA ALEKSANDROVA RUSEVA**, | |
| Plaintiff, | |
| v. | Case No. 20-cv-00630 (TNM) |
| **RONALD ROSENBERG**, *District Director, Washington Field Office, U.S. Citizenship and Immigration Services*,[1] *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

Plaintiff Ivelina Ruseva filed this action to compel the Government to adjudicate her stalled naturalization application. After the Court remanded the matter to the United States Citizenship and Immigration Services ("USCIS") to furnish a decision, the agency denied Ruseva's application. The Government now moves to dismiss the case as moot. Agreeing that there are no longer any live issues, the Court will grant the Government's motion and dismiss the case.

**I.**

Ruseva, a Bulgarian national, became a Permanent Legal Resident of the United States in 2012 through her marriage to a U.S. citizen. Pl.'s Pet. for Writ of Mandamus ¶ 11, ECF 1. In August 2017, Ruseva filed an Application for Naturalization (Form N-400) with USCIS. *Id.* ¶ 12. A USCIS official interviewed Ruseva in May 2018, but she did not receive a decision at

---

[1] Under Fed. R. Civ. P. 25(d), Ronald Rosenberg, the current District Director of the Washington Field Office, automatically replaces Sarah Taylor, his predecessor.

that time or in the months that followed.  *Id.* ¶ 14.  After repeated inquiries to the agency failed

to elicit a decision or an update, Ruseva petitioned this Court in March 2020.  *Id.* ¶ 15.  She sued

the Attorney General, Secretary of Homeland Security, FBI Director, and District Director of

USCIS's Washington Field Office (collectively, the "Government"), alleging that their agencies

unreasonably failed to adjudicate her naturalization application and thereby violated the

Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.  *Id.* ¶¶ 17–22.  She sought a writ of

mandamus compelling the Government to adjudicate her application, as well as attorney's fees,

court costs, and "such other and further relief as this Court may deem proper."[2]  *Id.* ¶ 22.

    In April 2020, USCIS scheduled a second interview with Ruseva in June.  Joint Status

Rep. at 2, ECF No. 7.[3]  The Court then granted the Government's consent motion to stay the

proceedings and remand this matter to USCIS.  Defs.' Mot. to Remand and Stay Proceedings,

ECF No. 6.  Ten days after the interview, the agency denied Ruseva's Application for

Naturalization.  *See* Joint Status Rep. Ex. 1 at 3, ECF No. 7-1.  USCIS concluded that Ruseva

gave false testimony about her now-dissolved marriage, rendering her ineligible for

naturalization.  *Id.* at 6.  Now that the Court has lifted the stay, the Government moves to dismiss

the case.  Defs.' Mot. to Dismiss, ECF No. 8.

## II.

    Article III's case-or-controversy requirement limits federal courts to adjudicating "actual,

ongoing controversies."  *Honig v. Doe*, 484 U.S. 305, 317 (1988).  "A case becomes moot—and

therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

---

[2]  This Court has jurisdiction under the mandamus statute, 28 U.S.C. § 1361, and the federal
question statute, 28 U.S.C. § 1331.
[3]  All page citations refer to the pagination generated by the Court's CM/ECF system.

*Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up).  A party may lack a cognizable

interest in the outcome "when, among other things, the court can provide no effective remedy

because a party has already obtained all the relief that it has sought."  *Conservation Force, Inc. v.

Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (cleaned up).

A motion to dismiss for mootness is properly brought under Federal Rule of Civil

Procedure 12(b)(1) because mootness deprives the court of subject matter jurisdiction.  *See

Flores ex rel. J.F. v. District of Columbia*, 437 F. Supp. 2d 22, 27–29 (D.D.C. 2006).  The

plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *id.*, but

at this stage the Court "must treat the complaint's factual allegations as true and afford the

plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Olu-Cole v. E.L.

Haynes Pub. Charter Sch.*, 376 F. Supp. 3d 77, 81 (D.D.C. 2019).  The Court may, however,

"consider materials outside the pleadings in deciding whether to grant a motion to dismiss for

lack of jurisdiction."  *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir.

2005).

### III.

The Government contends that this case is moot because Ruseva has received all the

relief that she desired:  The adjudication of her pending naturalization application.  Defs.' Mem.

at 2, ECF No. 8-1.  The Court agrees.  Ruseva's petition asked this Court to compel the

Government to adjudicate her naturalization application, and USCIS did so when it denied her

application in June 2020.  Now that Ruseva has secured a decision, she has lost a cognizable

interest in the outcome of this matter.[4]  Ruseva has not moved to amend her petition, and the

---

[4]  Although Ruseva's petition also requested attorney's fees under the Equal Access to Justice
Act ("EAJA"), 28 U.S.C. § 2412, she has not explained why she is entitled to an award as a
"prevailing party" here.  *See Maduka v. Meissner*, 114 F.3d 1240, 1241 (D.C. Cir. 1997) (per

Court can no longer provide any remedy to Ruseva because she "has already obtained all the relief that [she] has sought." *Conservation Force*, 733 F.3d at 1204.  Ruseva's petition is therefore moot.

At bottom, Ruseva does not refute this conclusion.  In fact, her opposition to the Government's motion does not even mention mootness.  *See* Pl.'s Opp., ECF No. 9.  Ruseva instead urges this Court to "retain jurisdiction" over her case to promote "judicial efficiency." *Id*. at 5.  She explains that she might ask USCIS to reconsider its decision by filing a Form N-336, might obtain another adverse decision from the agency, and then might pursue judicial review of that final agency denial by again filing in this Court—this time under 8 U.S.C § 1421(c).  *Id*.  Ruseva stops short of asking to circumvent the agency appeals process and proceed straight to de novo review of USCIS's decision.  But she requests that this Court "keep her federal case open" to ensure that the Government resolves any administrative appeal expeditiously and to spare her the expense of filing a new case should she end up back in federal court.  Pl.'s Opp. at 6, ECF No. 9.

The problem for Ruseva is that she invites the Court to exercise power that it does not possess.  Even if it were so inclined, the Court cannot sit on a mooted case, no matter how strong its hunch that a new claim between the parties will arise later.[5]  "If a case is moot, the court must dismiss it for lack of jurisdiction."  *Cierco v. Mnuchin*, 857 F.3d 407, 414 (D.C. Cir. 2017).  The

---

curiam) (explaining standard).  Even if she had, a "request for attorneys' fees does not preserve a case that is otherwise moot."  *Friends of Keeseville, Inc. v. F.E.R.C.*, 859 F.2d 230, 233 n.7 (D.C. Cir. 1988).  A party seeking fees and expenses under the EAJA may apply to the Court within 30 days of the final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).

[5]  In some cases, factually mooted claims may be still reviewable under the doctrines of voluntary cessation or capable of repetition yet evading review.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189–91 (2000) (describing doctrines).  But Ruseva has not raised these arguments, and rightly so.

Court cannot keep the engine running when the destination has been reached.

Ruseva grounds her invitation in a misreading of out-of-circuit authorities.  In those cases, plaintiffs sued for relief under 8 U.S.C. § 1447(b), which gives a district court jurisdiction to either remand a matter to USCIS or adjudicate a naturalization application itself when the agency fails to issue a decision within 120 days of an applicant's examination.  And those courts chose to "retain jurisdiction" specifically to adjudicate an application in first instance.  *See, e.g.*, *Kim v. McAleenan*, No. 1:19-CV-01212-SKC, 2020 WL 1026494, at *5 (D. Colo. Mar. 3, 2020) (concluding that adjudication in federal court promoted "judicial efficiency").  Those are not the circumstances here, where Ruseva sought from this Court a writ of mandamus to compel USCIS to act, and USCIS has now issued a decision.  Nor do those cases justify the Court retaining jurisdiction solely to hover over the agency and maintain pressure on it to timely adjudicate Ruseva's Form N-336 appeal—assuming she has filed one or will file one.

Ruseva may not have received the answer she had hoped for when applying for naturalization, or the result that she thinks she deserves.  But she did receive what she asked for from this Court: adjudication of her application.  Her petition to this Court lacks any "substantive claim that seeks relief beyond just a timely ruling from USCIS."  *Jafarzadeh v. Duke*, 270 F. Supp. 3d 296, 303–04 (D.D.C. 2017) (dismissing request for mandamus relief as moot after USCIS adjudicated plaintiffs' applications, but rejecting motion to dismiss because challenges to agency policy remained live).  Now that Ruseva has an answer, the case is moot and must be dismissed.

## IV.

For these reasons, the Government's Motion to Dismiss will be granted. A separate Order will issue.

Dated:  September 22, 2020                TREVOR N. McFADDEN, U.S.D.J.